UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-cr-00011 |
| v. | ORDER |
| SCOTT HOWARD JENKINS, *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

The Government and Defendants Scott Jenkins, Rick Rahim, Frederic Gumbinner, and James Metcalf jointly move for a continuance of trial. Dkt. 50.

The Speedy Trial Act (the "Act") "generally requires that a criminal trial begin within seventy days of the filing of an information or indictment or the defendant's initial appearance." 18 U.S.C. § 3161(c)(1). But "[t]o allow for necessary flexibility in scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds 'that the ends of justice served by . . . granting . . . [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." *See United States v. Henry*, 538 F.3d 300, 303 (4th Cir. 2008) (quoting 18 U.S.C. § 3161(h)(7)(A)). The Court must set forth its reasons for finding that a continuance is warranted under the Act's exception. *Id.*

The Court finds that a continuance is warranted, considering the factors listed in 18 U.S.C. § 3161(h)(7)(B) of the Act, and for the reasons counsel has provided: namely, to conduct a review of discovery, assess potential dispositions, and prepare for trial. Dkt. 50. Section 3161(h)(7)(B)(iv) of the Act provides a court can consider "[w]hether the failure to grant such a

continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds these circumstances would so deny the time necessary for effective preparation, accounting for due diligence, if the Court did not grant a continuance.

In short, the Court finds that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

For the foregoing reasons, the joint motion to continue trial, Dkt. 50, is **GRANTED**, and the Court **ORDERS** that the trial scheduled for September 7, 2023 be **CONTINUED** to May 13, 2024. The period between the previous and new trial dates will be excluded from the calculation of time under the Speedy Trial Act.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send this Order to all counsel of record.

Entered this 10th day of August, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE