IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-cr-11 |
| v. | **ORDER** |
| SCOTT JENKINS, *Defendant*. | JUDGE NORMAN K. MOON |

This matter is before the Court upon the Consent Motion to Continue Trial Date filed by Defendant Scott Jenkins. Dkt. 99, and the Government's Unopposed Motion to Set Motions Deadlines. Dkt. 107.

Defendant requests that his trial, presently scheduled to run from May 13th to May 24th, 2024, be continued to November 14, 2024. He has filed a Speedy Trial Act waiver. Dkt. 100.

The Speedy Trial Act (the "Act") generally requires that a criminal trial begin within seventy days of the filing (and making public) of an information or indictment or the defendant's initial appearance. *See* 18 U.S.C. § 3161(c)(1). But "[t]o allow for necessary flexibility in scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds 'that the ends of justice served by . . . granting . . . [a] continuance outweigh the best interests of the public and the defendant in a speedy trial.'" *United States v. Henry*, 538 F.3d 300, 303 (4th Cir. 2008) (quoting 18 U.S.C. § 3161(h)(7)(A)).

This Court must set forth its reasons for finding that a continuance is warranted under the Act's exception, *id.*, and it must consider certain factors "among others" if the motion is made pursuant to the "ends of justice" provision. 18 U.S.C. § 3161(h)(7)(A)-(B).

The Court has considered Defendant's argument that his lead counsel will not have sufficient time to prepare for trial. Dkt. 99 at 1–2. However, both of Defendant's attorneys first appeared in this matter in mid-September 2023. Dkts. 66, 71. Defendant's trial date is still more than two months away at the time of this Order. Given that counsel will have been representing Defendant for approximately eight months at the time of trial, the Court concludes that this is sufficient time for preparation.

While the Motion before the Court is the first submitted by Defendant's current counsel, the Court considers it significant that this trial has already been continued. On August 10, 2023, the Court granted a Joint Motion to Continue, moving the trial from September 7, 2023, to May 13, 2024. Dkt. 51. Given that the criminal conduct alleged in this case involves malfeasance by a public official, the public has a very strong interest in its timely disposition.

The Court concludes that the best interests of the public and the defendant in a speedy trial outweigh any benefit conferring by a continuance. To grant a continuance to November—apparently the closest date when counsel for all parties are available and the Court has capacity for a seven-day trial—would violate the Speedy Trial Act.

Therefore, the Joint Motion to Continue, Dkt. 99, is **DENIED**.

Because the motions deadlines proposed by the Government in its scheduling motion, Dkt. 107, are impractical in light of the May 13 trial date,* the motion is likewise **DENIED**.

---

&ast; The Motion requests that any motions under Federal Rule of Criminal Procedure 12(b)(3)(A)–(C) be made eight weeks before trial. At the time of this Order, the trial date is just over nine weeks away.

It is so **ORDERED.**

The Clerk of the Court is directed to send a copy of this Order to all counsel of record.

Entered this 6th day of March, 2024.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE