IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Case No. 3:23-CR-00011 |
| | : |
| v. | : |
| | : |
| SCOTT HOWARD JENKINS | : |

**REPLY IN SUPPORT OF GOVERNMENT'S MOTION FOR PROTECTIVE ORDER FOR UNDERCOVER AGENTS**

The United States respectfully files this reply in response to the defendant's opposition to its Motion for a Protective Order with respect to the two expected government witnesses who are FBI undercover agents.

First, besides a general reference to the defendant's right to confrontation, the defendant provides no bases for why the true names of the undercover agents would be needed for cross-examination in light of the countervailing safety concerns. As stated in the government's opening brief, the right to confrontation is not absolute, and the limited relief requested here based on danger to a witness falls within a well recognized exception. The government has shown that the danger here is actual and not speculative. While the defense makes a general reference to the defense's theory of the case, it fails to make any specific showing as to why the need for true names overcome the danger posed by disclosure. If there was specific reason the defense needs the true names based on their theory, the defense could make the showing in an *ex parte* filing to the Court.

Second, with respect to relying on information provided by the government, that is true for all government witnesses in terms of providing responses to *Giglio* inquiries, Jencks disclosures, and *Brady* material.

1

Third, defense's filing makes clear that parties other than defense counsel will have access to the UCs' true names, for instance, the defendant's investigator. This underscores the government's concern that any disclosure of the true names would risk wider dissemination, and the corresponding security concerns. For instance, it is unclear how any investigation the defendant would engage in will not necessarily involve the disclosure of the true names to third parties. Moreover, in the context of this case, there has already been a threat to a witness. In May 2023, approximately two months after the government produced discovery referencing Individual 1 to prior defense counsel under protective order, Individual 1 received a letter threatening his life. That letter, which has previously been produced to the defense, is attached under seal to this reply.

In conclusion, the government has met its burden of demonstrating that the UCs would face an actual risk of harm if their true names were disclosed to the defense, even under protective order, warranting the protections requested.

## CONCLUSION

Based on the foregoing, the government submits that its requested protective measures should be ordered.

|  |  |
|---|---|
|  | Respectfully submitted, |
| CHRISTOPHER R. KAVANAUGH<br>UNITED STATES ATTORNEY | COREY R. AMUNDSON<br>CHIEF, Public Integrity Section<br>U.S. Department of Justice |
| By: */s/Melanie Smith*<br>MELANIE SMITH<br>VA Bar No. 82663<br>Assistant United States Attorney<br>255 West Main Street, Room 130<br>Charlottesville, VA 22902<br> (434) 293-3180<br>melanie.smith@usdoj.gov | By: */s/ Lina Peng*<br>CELIA CHOY<br>DC Bar No. 1017211<br>LINA PENG<br>NY Bar No. 5150032<br>Trial Attorneys<br>U.S. Department of Justice<br>Public Integrity Section<br>1301 New York Ave. NW, 10th Fl.<br>Washington, DC 20530<br>(202) 514-1412<br>celia.choy@usdoj.gov<br>lina.peng@usdoj.gov |