CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
November 13, 2024
LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Case No. 3:23-cr-00011 |
| | ) |
| SCOTT HOWARD JENKINS, ET AL. | ) |
| | ) |

## ORDER

This matter is before the Court on Defendant Scott Howard Jenkins motion to continue the trial for medical reasons. For the reasons stated below and on the record, Jenkins's motion is **DENIED WITHOUT PREJUDICE.**

The trial in this matter was set to begin on Tuesday, November 12, 2024, at 9:00am. At approximately 6:15 a.m. Tuesday morning, defense counsel notified the Court and the government that Jenkins had suffered a medical emergency and was driven to the emergency room by his wife. The Court ultimately postponed the start of trial until Thursday, November 14, 2024. The Court received copies of Jenkins's hospital discharge instructions and the records from his primary care physician at approximately 9:30 a.m. this morning. Dkt. 221. The Court held a status conference at 11:00 a.m. At that time, Defense Counsel moved to continue the trial to allow Jenkins to recover or alternatively to hold an evidentiary hearing regarding Jenkins's medical condition. The government opposes the motion.

Having reviewed Jenkins's medical records and considered counsel's representations about Jenkins's health, I find that Jenkins has not met the high bar required to demonstrate the need for a continuance. The Fourth Circuit has held "for a denial of a continuance to constitute an abuse of discretion, the medical repercussions must be serious and out of the ordinary; the impending trial must pose a substantial danger to a defendant's life or health." *U.S. v. Cole*, 631 F.3d 146, 156 (4th Cir. 2011) (quoting *U.S. v. Brown*, 821 F.2d 986, 988 (4th Cir. 1987). In

making this determination, the court must "assess the degree to which a defendant's health might impair his participation in his defense, especially his right to be present at trial, to testify on his own behalf and to confront adverse witnesses," as well as whether "the proceeding is likely to worsen the defendant's condition." *Id.* At this time, there is nothing in the medical record to suggest that Jenkins's medical emergency will prevent him from fully participating in his own defense or that beginning the trial on Thursday, November 14, 2024 poses an extraordinary risk to his health. Accordingly, the motion to continue the trial is **DENIED WITHOUT PREJUDICE**.

It is so **ORDERED.**

Entered: November 13, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge