CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March, 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/ KELLY BROWN
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## Western District of Virginia

UNITED STATES OF AMERICA
V.
SCOTT HOWARD JENKINS

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DVAW323CR000011-001

Case Number:

USM Number: 66289-510

Philip Andonian and Joseph P. Caleb, retained
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☒ was found guilty on count(s)  1, 2, 3-5, 6-12  Superseding Indictment
after a plea of not guilty,

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Bribery Concerning Programs Receiving Federal Funds, Honest Services Mail Fraud, and Honest Services Wire Fraud | 1/2023 | 1 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)  13, 14, 15, 16  ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/21/2025
Date of Imposition of Judgment

*Robert S. Ballou*
Signature of Judge

Robert S. Ballou, United States District Judge
Name and Title of Judge

March 24, 2025
Date

DEFENDANT: SCOTT HOWARD JENKINS
CASE NUMBER: DVAW323CR000011-001

Judgment-Page  2  of  8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 and 18 U.S.C. § 1346 | Honest Services Mail Fraud | 8/17/2020 | 2 |
| 18 U.S.C. § 1343 and 18 U.S.C. § 1346 | Honest Services Wire Fraud | 7/7/2023, 1/4/2023, 10/7/2022 | 3-5 |
| 18 U.S.C. § 666(a)(1)(B) | Bribery Concerning Programs Receiving Federal Funds | 5/2021, 5/2021, 3/2020, 9/2022, 11/2022, 12/2022 | 6-12 |

DEFENDANT: SCOTT HOWARD JENKINS
CASE NUMBER: DVAW323CR000011-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Ct. 1, 60 months; Cts. 2, 3-5, 6-12, 120 months as to each count to run concurrently with Ct. 1.

☒ The court makes the following recommendations to the Bureau of Prisons:

Defendant be designated to the facility most reasonably close to his home considering his medical conditions, and consistent with his security classification.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before _____ on _____

  ☒ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/19 - VAW Additions 08/22)  Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment-Page __4__ of __8__

DEFENDANT:   SCOTT HOWARD JENKINS
CASE NUMBER: DVAW323CR000011-001

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 years as to each count, to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. ☐ You must make restitution in accordance with sections 3663 and 3663A, or any other statute authorizing a sentence of restitution. *(check if applicable)*
3. You must not unlawfully possess a controlled substance.
4. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B   (Rev. 09/19 - VAW Additions 08/22) Judgment in a Criminal Case
          Sheet 3A — Supervised Release

Judgment-Page   5   of   8

DEFENDANT:   SCOTT HOWARD JENKINS
CASE NUMBER: DVAW323CR000011-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions* , available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: SCOTT HOWARD JENKINS
CASE NUMBER: DVAW323CR000011-001

Judgment-Page  6  of  8

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any special assessment, fine, and/or restitution that is imposed by this judgment.

2. The defendant shall reside in a residence free of firearms, ammunition, destructive devices, and dangerous weapons.

3. Following release from imprisonment, the court will evaluate the defendant's status and determine whether, after incarceration, mental health treatment is necessary and appropriate. If additional treatment is deemed appropriate, the defendant shall participate in a program as designated by the court, upon consultation with the probation officer, until such time as the defendant has satisfied all the requirements of the program.

Judgment-Page __7__ of __8__

DEFENDANT: SCOTT HOWARD JENKINS
CASE NUMBER: DVAW323CR000011-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assssment** |
|---|---|---|---|---|---|
| TOTALS | $ 1,200.00 | $ | $ 600.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**    _____   _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SCOTT HOWARD JENKINS
CASE NUMBER: DVAW323CR000011-001

Judgment - Page 8 of 8

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the total criminal monetary penalties are due immediately and payable as follows:

A [X] Lump sum payment of $ 1,200.00 immediately, balance payable

    [ ] not later than _____ , or

    [X] in accordance with  [ ] C,  [ ] D,  [ ] E,  [X] F or,  [ ] G below); or

B [ ] Payment to begin immediately (may be combined with  [ ] C,  [ ] D,  [ ] F, or  [ ] G below); or

C [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [X] During the term of imprisonment, payment in equal monthly (e.g., weekly, monthly, quarterly) installments of $ 25.00 , or 25 % of the defendant's income, whichever is less , to commence 60 days (e.g., 30 or 60 days) after the date of this judgment; AND payment in equal monthly (e.g., weekly, monthly, quarterly) installments of $ 200.00 during the term of supervised release, to commence 60 days (e.g., 30 or 60 days) after release from imprisonment.

G [ ] Special instructions regarding the payment of criminal monetary penalties:

Pursuant to 18 U.S.C.§3612(b)(F), if other than immediate payment is permitted, a requirement that, until the fine or restitution order is paid in full, the defendant shall notify the Attorney General of any change in the mailing address or residence of the defendant not later than thirty days after the change occurs.

Any installment schedule shall not preclude enforcement of the restitution or fine order by the United States under 18 U.S.C §§ 3613 and 3664(m).

Any installment schedule is subject to adjustment by the court at any time during the period of imprisonment or supervision, and the defendant shall notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that may affect the defendant's ability to pay.

All criminal monetary penalties shall be made payable to the Clerk, U.S. District Court, 210 Franklin Rd., Suite 540, Roanoke, Virginia 24011.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Any obligation to pay restitution is joint and several with other defendants, if any, against whom an order of restitution has been or will be entered.

[ ] Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:

    Preliminary Order of Forfeiture at DE305, dated 3/17/2025 and Order of Forfeiture at DE312, dated 3/21/2025

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March, 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/ KELLY BROWN
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:23-cr-00011 |
| | ) | |
| SCOTT HOWARD JENKINS | ) | |

## PRELIMINARY ORDER OF FORFEITURE
## AS TO DEFENDANT SCOTT HOWARD JENKINS

**IT IS HEREBY ORDERED THAT:**

**A.** As the result of the guilty verdict on Counts One through Twelve of the Superseding Indictment, violations of 18 U.S.C. § 371, 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 666(a)(1), for which the Government sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States:

All property constituting or derived from proceeds the defendant obtained directly or indirectly as the result of such violations;

**B.** Based upon the Special Verdict returned by the Jury, the defendant shall forfeit the following property:

| | Asset ID No. | Item Description |
|---|---|---|
| (1) | 23-FBI-002063 | $10,000.00 from Bank Account # XXXXX8133 in the name of Scott Jenkins for Sheriff at Blue Ridge Bank, Culpeper, VA |

**C.** The United States is authorized to seize the forfeited property whether held by the defendant or by a third party and shall:

**(1)** pursuant to 21 U.S.C. § 853(n) publish notice of this Order, thereby giving notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, and shall file the original petition with the U.S. District Court Clerk's Office, Charlottesville Division, 255 W. Main Street, Room 304, Charlottesville, VA 22902 and shall certify a copy of said petition to the U.S. Attorney's Office, Asset Forfeiture Section, P.O. Box 1709, Roanoke, VA 24008. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought;

**(2)** to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified;

**D.** The United States, at its discretion, shall be accompanied by federal, state, or local law enforcement officers to assist in the execution of this Order. Upon application by the United States, the Court shall issue any order necessary to effectuate and prevent the frustration of this Order pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

**E.** Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B), discovery may be conducted in accordance with the Federal Rules of Civil Procedure to the extent necessary or desirable to resolve factual issues.

**F.** The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

**G.** The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**H.** Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at sentencing and shall be made a part of the sentence and included in the judgment.

ENTERED MARCH 17, 2025

*Robert S. Ballou*

**ROBERT S. BALLOU**
**UNITED STATES DISTRICT JUDGE**

2

FILED IN OPEN COURT
DATE: 3/21/2025
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:23-cr-00011 |
| | ) |
| SCOTT HOWARD JENKINS | ) |

## ORDER OF FORFEITURE MONEY JUDGMENT

Pending before the Court is the United States of America's Motion for Money Judgment Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b). This Court finds that the United States has proven by a preponderance of the evidence that the money judgment described below represents the value of the proceeds obtained from violations of Title 18 U.S.C. §§ 371, 1341, 1343, 1346, and 666 committed by Defendant SCOTT HOWARD JENKINS. The United States' Motion is GRANTED. IT IS THEREFORE

ORDERED that all right, title, and interest of Defendant SCOTT HOWARD JENKINS in the following: a sum of money equal to **Sixty-Five Thousand Dollars ($65,000)**, hereinafter referred to as the Forfeiture Money Judgment be, and hereby is, FORFEITED to the United States of America; and IT IS FURTHER

ORDERED that Defendant SCOTT HOWARD JENKINS make payments by money order or certified check made payable to the United States Marshals Service and shall include the case number of the instant cause on all money orders or certified checks, which in this case is 3:23-cr-11, and said payments shall be sent to:

**United States Attorney's Office
310 First Street, SW
Room 906
Roanoke, Virginia 24011**

and IT IS FURTHER

ORDERED that at the time of the sentencing of Defendant SCOTT HOWARD JENKINS, the Forfeiture Money Judgment shall be included in his Judgment in a Criminal Case.

IT IS SO ORDERED.

Entered: March 21, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge